UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIALLO MAMADOU,<br><br>Petitioner,<br><br>v.<br><br>A. NEIL CLARK,<br><br>Respondent. | CASE NO. C08-1343-JLR-BAT<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Diallo Mamadou ("petitioner") is a native and citizen of the Republic of Congo who is currently detained by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma, Washington. On September 8, 2008, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, requesting that the Court order a "pre removal bond hearing," stating that he was "willing to pay a reasonable bond and be on supervised release." (Dkt. 5 at 1). On October 22, 2008, however, petitioner filed a "Petition for expedited removal," requesting that the Court "alter this petition from being a request for a bond hearing and instead issue an order to expedite petitioner's removal . . . ." (Dkt. 10 at 1). On November 14, 2008, respondent filed a Return and Status Report, Motion to Dismiss, and Response to Petitioner's Motion for Expedited Removal, arguing that petitioner is lawfully

REPORT AND RECOMMENDATION
PAGE – 1

detained in the removal period pursuant to Section 241 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231, pending his removal to the Republic of Congo. (Dkt. 11).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. 5) and Motion for Expedited Removal (Dkt. 10) be DENIED and that respondent's motion to dismiss (Dkt. 11) be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

The instant Petition for Writ of Habeas Corpus is the third habeas petition that petitioner has filed in this Court challenging his continued detention. *See Diallo v. Clark*, Case No. C07-1613-MJP; *Diallo v. U.S. Immigration and Customs Enforcement*, Case No. C-07-125-TSZ. The factual and procedural background of this case is related in the previously issued R&R's. Accordingly, the Court will not repeat it here. However, a brief summary of the history of this case following the dismissal of the prior habeas petitions follows.

On September 8, 2008, petitioner filed the instant habeas petition, challenging his continued detention without bond pending adjudication of his Petition for Review in the Second Circuit Court of Appeals. (Dkt. 5). On October 8, 2008, however, the Second Circuit dismissed petitioner's Petition for Review. *See Diallo v. Mukasey*, No. 07-5233 (2nd Cir. 2008). On October 22, 2008, petitioner filed a "Petition for expedited removal," requesting that the Court order his "immediate removal" from the United States. (Dkt. 10). On October 31, 2008, the Second Circuit mandate issued, thereby commencing the removal period. *See Diallo v. Mukasey*, No. 07-5233 (2nd Cir. 2008). On November 14, 2008, respondent filed a Return and Status Report, Motion to Dismiss, and Response to Petitioner's Motion for Expedited Removal, arguing that petitioner is lawfully detained pending his removal from the United States. (Dkt. 11). Petitioner filed a response, requesting that the Court order ICE to remove him by January 9, 2009. (Dkt. 13).

REPORT AND RECOMMENDATION
PAGE – 2

## III. DISCUSSION

"When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90-day 'removal period.'" *Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004)(citing *Xi v. INS*, 298 F.3d 832, 834-35 (9th Cir. 2002)); INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.</u>

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added); s*ee also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement."). During the removal period, continued detention is required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Where removal cannot be accomplished within the ninety-day removal period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C. § 1231(a)(6); *see Zadvydas v. Davis*, 533 U.S. 678, 682, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). In *Zadvydas,* the Supreme Court determined that the government is entitled to a presumptively reasonable period of detention of six months to bring about the alien's removal from the United States. *Zadvydas*, 533 U.S. at 701. After this six month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe there is

no significant likelihood of removal in the reasonably foreseeable future." *Id*. If the petitioner meets this burden, the government must produce sufficient evidence to rebut petitioner's showing. *Id.*

In the present case, the Second Circuit dismissed petitioner's Petition for Review on October 8, 2008, and the mandate issued on October 31, 2008, thereby commencing the removal period. *See* INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii). Therefore, petitioner's ninety-day removal period will expire on or about January 31, 2008, and the six month presumptively reasonable period will expire on or about April 30, 2008. As respondent argues, there is no authority for this Court to order "expedited" removal. The government has already submitted a travel document request to the Republic of Congo and does not anticipate any difficulties in obtaining a travel document for petitioner's removal in the reasonably foreseeable future. (Dkts. 11 and 12). Accordingly, petitioner's detention is lawful, and the Court must deny habeas relief. *See Zadvydas*, 533 U.S. at 701.

### IV. CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted, and that the action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 16th day of December, 2008.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 4